UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RTG LLC,**

    *Plaintiff/Counter-Defendant*,

v.                                              Case No. SA-19-CV-0087-JKP

**LISA KATONA FODERA,**

    *Defendant/Counter-Plaintiff*.

### ORDER GRANTING AMENDED MOTION
### FOR ADDITIONAL RELIEF UNDER 28 U.S.C. § 2202

Before the Court are *Defendant's Motion for Award of Additional Relief under 28 U.S.C. § 2202 and for Entry of Final Judgment* (ECF No. 89); *Defendant's Amended Motion for Award of Additional Relief under 28 U.S.C. § 2202 and for Entry of Final Judgment* (ECF No. 96); and *Plaintiff's Request for Judicial Notice of Public Records in Advance of Hearing on Defendant's Motion for Additional Relief* (ECF No. 97). The Court considered the original motion to some extent previously, but deferred final ruling pending a hearing because Plaintiff RTG LLC ("RTG") disputed the amount to be recovered. After conducting a hearing on November 10, 2021; accepting various exhibits for purposes of the hearing; and considering the briefing, oral arguments, applicable law, and relevant filings, including the exhibits admitted at the hearing, the Court grants the amended motion and find the other motions moot.

The Court has declared that Defendant/Counter-Plaintiff Lisa Katona Fodera ("Katona") is the lawful owner of what has been dubbed, the "Jackson Interest"—i.e., the fifty percent interest in the rights and royalties to the music of the Ohio Players previously owned by Artist Rights Foundation, LLC or Segundo Suenos, LLC ("Segundo") and awarded to Julian Jackson in a final judgment signed on November 16, 2015, in Civil Action No. 13-CA-00379. And based upon

undisputed and stipulated facts that, using Segundo's right to sue Jackson, RTG obtained a money judgment against Jackson in California and subsequently received $257,202 in royalty payments from BMG on the Jackson Interest since acquiring that interest through a sheriff's auction.

To afford her complete relief on her declaratory judgment claim, Katona requests an award of money damages against RTG for the $257,202 that RTG has received on the Jackson Interest. In her amended motion, she also requests that the Court declare her the lawful owner of the right to enforce or collect on the judgment RTG obtained against Jackson in RTG's state court lawsuit against him in California. Despite the request, she stated through counsel that she would not seek to enforce or collect on the judgment, but she would have ownership if Jackson pursues any future legal proceedings regarding his interest.

The Court has discretionary authority to award money damages when a party has succeeded on a claim for declaratory judgment. *See Noatex Corp. v. King Const. of Houston, LLC*, 732 F.3d 479, 487 (5th Cir. 2013); *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 570-74 (5th Cir. 2005). Such authority arises from 28 U.S.C. § 2202, which states in full: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." This same discretionary authority permits the Court to grant the requested extension of the declaratory judgment to declare Katona the legal owner to enforce or collect on the judgment obtained against Jackson in California.

Katona urges the Court to find that awarding her recovery from RTG of the $257,202 is necessary to restore to her what was wrongfully taken from her and to prevent RTG from being unjustly enriched. The parties have stipulated that RTG has received the identified amount since obtaining the Jackson interest. The Court granted a request for hearing because RTG disputed the

amount to be recovered. But rather than providing evidence of any amounts that should be deducted from the claimed amount, RTG argued that Katona would receive a windfall should the Court grant her the full the amount. Although it expressly stated that it still disagreed with prior rulings of the Court, it did so only as a continuing objection to that effect. It did not urge the Court to reconsider those rulings even though its arguments, if accepted, would have similar effect to some extent.

Principles of equity favor awarding Katona the monetary relief requested and requiring RTG to pay her the $257,202 that it has received on the Jackson Interest since acquiring the interest in the California state proceeding. Equity further favors declaring Katona to be the owner of any remaining right to enforce or collect on the judgment that RTG obtained against Jackson in the California proceedings. Segundo's right to sue Jackson was transferred away in violation of a court-imposed injunction. Absent such transfer, the right to sue Jackson, i.e., the Jackson Claim, would have been transferred to Katona through the judgment for her and against Segundo. It would have been hers to pursue. Equity would place her in RTG's shoes as to the Jackson claim and resulting acquisition of the Jackson rights. That RTG pursued the claim after obtaining it following the wrongful transfer from Segundo does not alter the equities.

Accordingly, the Court exercises its discretion under 28 U.S.C. § 2202 to award Katona money damages and the requested extension of the declaratory judgment granted on summary judgment. RTG has made no persuasive argument to not do so. Nor has it presented any evidence to support reducing the $257,202 that RTG has received. Consequently, the Court **GRANTS** *Defendant's Amended Motion for Award of Additional Relief under 28 U.S.C. § 2202 and for Entry of Final Judgment* (ECF No. 96); **MOOTS** *Defendant's Motion for Award of Additional Relief under 28 U.S.C. § 2202 and for Entry of Final Judgment* (ECF No. 89); and based on the exhibits

admitted at the hearing, **MOOTS** *Plaintiff's Request for Judicial Notice of Public Records in Advance of Hearing on Defendant's Motion for Additional Relief* (ECF No. 97). The Court will incorporate the additional granted relief into its contemporaneously issued Final Judgment.

**It is so ORDERED this 16th day of November 2021.**

*[signature: Jason Pulliam]*

**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**